## RECORD NO. 14-4583

In The

# United States Court Of Appeals
## For The Fourth Circuit

# UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

## v.

# KEVIN RAY DEESE,

*Defendant – Appellant.*

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### AT WILMINGTON

_____

## BRIEF OF APPELLANT
_____

**Jason R. Harris**
**WELCH & HARRIS, LLP**
**636 Court Street**
**Jacksonville, NC 28540**
**(910) 347-0161**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street ♦ Suite 230 ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

# **TABLE OF CONTENTS**

**Page:**

TABLE OF AUTHORITIES.........................................iii

JURISDICTIONAL STATEMENT........................................1

STATEMENT OF THE ISSUES........................................2

NATURE OF THE BRIEF............................................3

STATEMENT OF THE CASE..........................................4

      STATEMENT OF FACTS.........................................8

SUMMARY OF ARGUMENT...........................................14

ARGUMENT......................................................15

    A.    STANDARD OF REVIEW..................................15

    I.    THE DISTRICT COURT DID NOT COMMIT PLAIN ERROR
        WHEN ACCEPTING MR. DEESE'S GUILTY PLEA PURSUANT
        TO RULE 11 OF THE FEDERAL RULES OF CRIMINAL
        PROCEDURE..........................................15

    II.   THE RECORD SUPPORTS A FINDING THAT MR. DEESE
        KNOWINGLY AND VOLUNTARILY WAIVED HIS RIGHT TO
        APPEAL UNDER PARAGRAPH 2.C OF THE MEMORANDUM OF
        PLEA AGREEMENT.....................................18

    III. IN THE EVENT DEFENDANT-APPELLANT OVERCOMES THE
        PLEA WAIVER, THIS COURT MAY CONSIDER WHETHER THE
        DISTRICT COURT ERRED BY ENHANCING MR. DEESE'S
        SENTENCE PURSUANT TO U.S.S.G. 3B1.1(A) BECAUSE
        THE COURT DID NOT ARTICULATE THE SPECIFIC
        EVIDENCE UPON WHICH IT RELIED TO SHOW THAT MR.
        DEESE WAS AN ORGANIZER OR LEADER OF A CRIMINAL
        ACTIVITY THAT INVOLVED FIVE OR MORE PARTICIPANTS
        OR WAS OTHERWISE EXTENSIVE..........................19

CONCLUSION....................................................22

STATEMENT REGARDING ORAL ARGUMENT.............................22

i

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

## TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

*Anders v. California*,
386 U.S. 738 (1967).....................................*passim*

*United States v. Blick*,
408 F.3d 162 (4th Cir. 2005) .........................18, 19

*United States v. Booker*,
543 U.S. 220 (2005).....................................15

*United States v. DeFusco*,
949 F.2d 114(4th Cir. 1992) ............................15

*United States v. General*,
278 F.3d 389 (4th Cir. 2002) ........................15, 18

*United States v. Good*,
25 F.3d 218 (4th Cir. 1994) ............................15

*United States v. Hughes*,
401 F.3d 540 (4th Cir. 2005) ...........................15

*United States v. Marin*,
961 F.2d 493 (4th Cir. 1992) ........................18, 19

*United States v. Martinez*,
277 F.3d 517 (4th Cir. 2002) ...........................15

*United States v. Steffen*,
741 F.3d 411 (4th Cir. 2013)............................20

**Statutes:**

18 U.S.C. § 2........................................1, 4, 5

18 U.S.C. § 924(c)..................................1, 4, 5

18 U.S.C. § 1956(a)(1).................................1, 5

18 U.S.C. § 1956(h)...................................1, 5

18 U.S.C. § 3553(a)..................................8, 17

iii

18 U.S.C. § 3742......................................................1, 5, 8

21 U.S.C. § 841(a)(1).....................................................4

21 U.S.C. § 841(b)(1)(A)..................................................1

21 U.S.C. § 846......................................................1, 4, 5

28 U.S.C. § 1291..........................................................1

**<u>Sentencing Guidelines</u>:**

U.S.S.G. § 3B1.1........................................................19

U.S.S.G. § 3B1.1(a)...............................................2, 19, 20, 21

U.S.S.G. § 3D1.1(b)..................................................6, 21

U.S.S.G. § 3D1.2(c)..................................................6, 21

**<u>Rules</u>:**

Fed. R. Crim. P. 11..............................................2, 14, 15, 18

Fed. R. Crim. P. 11(b)(1)...............................................16

Fed. R. Crim. P. 11(b)(2)...............................................16

Fed. R. Crim. P. 11(b)(3)...............................................16

## **JURISDICTIONAL STATEMENT**

This is a direct appeal from the sentence imposed by the United States District Court for the Eastern District of North Carolina in a federal criminal case. Jurisdiction was conferred upon the district court pursuant to 21 U.S.C. 846, 21 U.S.C. § 841(b)(1)(A), 18 U.S.C. § 924(c), 18 U.S.C. § 2, and 18 U.S.C. § 1956(h) and 18 U.S.C. § 1956(a)(1). Appellate jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. A final judgment was filed on January 7, 2014. Appellant Kevin Ray Deese filed a timely notice of appeal on January 18, 2014.

## STATEMENT OF THE ISSUES

1.    Whether the district court committed plain error when it accepted Mr. Deese's guilty plea pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

2.    Whether the waiver of appellate rights contained in the plea agreement is valid.

3.    Whether the district court committed clear error by enhancing Mr. Deese's sentence pursuant to U.S.S.G. 3B1.1(a).

## NATURE OF THE BRIEF

This brief is submitted to the Court pursuant to *Anders v. California*, 386 U.S. 738 (1967). After carefully examining the record on appeal and researching the relevant law, counsel has concluded that the appeal presents no legally non-frivolous questions. In reaching this conclusion, counsel has carefully reviewed the record for any arguable violation of the United States Constitution, the applicable federal statutes, the Federal Rules of Criminal Procedure, or the United States Sentencing Guidelines. Because counsel has concluded that no non-frivolous issues are presented by this appeal, he requests leave to withdraw as counsel and submits this brief in accordance with *Anders v. California*, 386 U.S. 738 (1967).

**STATEMENT OF THE CASE**

On April 3, 2013, the Appellant Kevin Ray Deese was one of five defendants named in an eight-count Indictment filed in the Eastern District of North Carolina. (DE #1 at 1). The grand jury indicted Mr. Deese on the following charges: Count 1 – conspiracy to distribute and to possess with intent to distribute 280 grams or more of cocaine base (crack) and 5 kilograms or more of cocaine from 2009 to on or about September 23, 2011 in violation of 21 U.S.C. § 846, Count 2 - use and carry of a firearm during and in relation to a drug trafficking crime and aiding and abetting on June 16, 2011, June 23, 2011, and September 23, 2011 in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2, Counts 4,5 and 6 – distribution of a quantity of cocaine and aiding and abetting on March 31, 2011, June 16, 2011, June 23, 2011, and July 15, 2011 in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and Count 8 – distribution and possession with intent to distribute 280 grams or more of cocaine base and aiding and abetting on September 23, 2011, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (DE # 1 at 1-4).

On June 14, 2013, Mr. Deese was named in a three count superseding Criminal Information filed in the Eastern District of North Carolina on the following charges: Count 1 – conspiracy to distribute and to possess with intent to distribute 280 grams or more of cocaine base (crack) and 5 kilograms or more of cocaine from

4

2009 to September 23, 2011, in violation of 21 U.S.C. § 846, Count 2 - using and carrying a firearm during and in relation to a drug-trafficking crime and aiding and abetting on June 16, 2011, June 23, 2011, and September 23, 2011 in violation of 18 U.S.C. §§ 924(c) and 2, Count 3 – conspiracy to commit money laundering from September 2009 through October 2012, in violation of 18 U.S.C. § 1956(h) and 18 U.S.C. § 1956(a)(1) (DE # 85).

On June 17, 2013, pursuant to a Memorandum of Plea Agreement between the government and Mr. Deese, Mr. Deese pled guilty to Counts 1, 2 and 3 of the superseding Criminal Information (DE # 191 Tr. at 35, ln. 14-16). Among other things, Mr. Deese's plea agreement with the government required that he "waive knowingly and expressly all rights conferred by 18 U.S.C. 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing ... excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." (DE # 96 at 1-2). The district court discussed the appeal waiver with Deese during the arraignment (DE # 90 Tr. at 25) prior to Deese's plea to the information being accepted by the district court. (DE # 191 Tr. at 35, ln. 14-16).

On December 31, 2013, the United States Probation Office filed the Presentence Investigation Report ("PSR"), which it had prepared using the applicable 2013 Guidelines Manual. (DE # 155 at 14). Counts 1 and 3 were grouped for guideline calculation purposes pursuant to U.S.S.G. 3D1.2(c), and Count 2 was treated separately in accordance with U.S.S.G. 3D1.1(b), which mandates imposition of a consecutive sentence. (DE # 155 at 14).

As to counts 1 and 3 for conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base (crack) and 5 kilograms or more of cocaine in Court 1, the probation office assigned a base offense level of 38 and an adjusted offense level subtotal of 46, inclusive of a 4 point increase adjustment pursuant to 3B1.1(a) for Mr. Deese's role in the offense as a purported organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. (DE # 155 at 15). Three points were deducted for Mr. Deese's acceptance of responsibility for a total offense level of 43. (DE # 155 at 15).

As referenced in an Addendum to the Presentence Report, Mr. Deese made five objections to the PSR:

1.) Mr. Deese denied that his brother carried a firearm to protect him, (DE # 155 at 19); however, at sentencing, the district court found the evidence to be credible and overruled

this objection, stating that it did not impact the guidelines. (DE # 192, Tr. at 6, ln. 9).

2.) Mr. Deese denied that he had at least three sources of marijuana supply (DE # 155 at 19); the objection was withdrawn through counsel and assented to at sentencing by Mr. Deese. (DE # 192, Tr. at 6, ln. 14-17).

3.) Mr. Deese objected to the inclusion of any drug quantities that pre-dated the commencement of the conspiracy, and 4.) Mr. Deese claimed that credible evidence did not support the calculation of the drug quantities or receipt and distribution of monies. (DE # 155 at 19). Prior to sentencing, the government and Mr. Deese reached an agreement with respect to the third and fourth objections. (DE # 192, Tr. at 7, ln. 10-12). Mr. Deese, through counsel, and the government notified the district court at sentencing of the agreement to resolve the objection, and the district court modified the base offense level from 38 to 36 in accordance with their agreement. (DE # 192, Tr. at 11, ln. 6-9). Mr. Deese assented to the agreement on record at sentencing. (DE # 192, Tr. at 11, ln. 4-5).

5.) Mr. Deese objected to a four-level aggravating role adjustment at 3B1.1(a). DE # 155 at 20). At sentencing, Mr. Deese, through counsel, withdrew the fifth objection. (DE # 192, Tr. at 11, ln. 10-12).

The district court determined Mr. Deese's guidelines range to be 360 months to life on Count I, 240 months on Count III, and as to Count II, five years consecutive to the term imposed for Counts I and III. (DE # 192, Tr. at 12). Prior to sentencing, the district court heard from both Mr. Deese, his counsel and the government and noted it had considered the advisory sentencing guidelines and the facts under 18 U.S.C. 3553(a). (DE # 192, Tr. at 30, ln. 18-25). It then sentenced Mr. Deese to a term of 252 months in prison, a five year term of supervised release, restitution in the amount of $19,780.00, and a special assessment of $300.00. (DE # 192, Tr. at 30-31). The original indictment was dismissed in keeping with the Memorandum of Plea Agreement. (DE # 192, Tr. at 31). On January 18, 2014, Mr. Deese filed a timely notice of appeal. (DE # 172).

**STATEMENT OF FACTS**

**A.    MR. DEESE'S INVOLVEMENT IN DRUG TRAFFICKING AND FIREARM DISTRIBUTION IN ROBESON COUNTY, NORTH CAROLINA.**

This case was initiated by law enforcement authorities following complaints from concerned citizens in the Maxton, Robeson County, North Carolina area regarding the illegal activities of brothers, Appellant Kevin Ray Deese and Donnie Deese. (DE # 155 at 4). Their individual homes, as well as a vacant home located between their homes, were utilized by the Appellant and

his brother to store, manufacture, and sell marijuana, cocaine, and cocaine base (crack). (DE # 155 at 4).

Between March 31, 2011 and September 23, 2011, law enforcement authorities utilized a confidential informant ("CI") to purchase drugs and/or firearms from the Deese brothers on five occasions. (DE # 155 at 5). During the course of the investigation, law enforcement officers seized controlled substances and drug paraphernalia from the conspirators. (DE # 155 at 5). Mr. Deese netted an estimated $1 million in proceeds from the offense. Approximately $200,000.00 was seized from the home of Kevin Deese and Donnie Deese's father. (DE # 155 at 8). Appellant laundered the remaining proceeds from his illegal conduct in various ways. (DE # 155 at 8).

**B.**  **MR. DEESE PLEADS GUILTY TO COUNTS 1, 2, AND 3 OF THE SUPERSEDING CRIMINAL INFORMATION AND WAIVES THE RIGHT TO APPEAL A WITHIN GUIDELINE SENTENCE.**

Pursuant to a written agreement with the government, Mr. Deese pled guilty to Counts 1, 2, 3 of the superseding information on June 17, 2013. (DE # 191 Tr. at 35, ln. 14-16). Mr. Deese's plea agreement with the government required that he "waive knowingly and expressly all rights conferred by 18 U.S.C. 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing ... excepting an

appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." (DE # 96 at 1-2). The district court discussed the appeal waiver with Deese during the arraignment (DE # 191 Tr. at 25-26) prior to Deese's plea to the information being accepted by the district court. (DE # 191 Tr. at 35, ln. 14-16).

**C.** **MR. DEESE AND THE GOVERNMENT REACH AN AGREEMENT AS TO THE DRUG QUANTITY CALCULATION RESULTING IN A 2 POINT REDUCTION TO THE BASE OFFENSE LEVEL.**

On December 31, 2013, the United States Probation Office filed the Presentence Investigation Report ("PSR"). (DE # 155). As to Counts 1 and 3 for conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base (crack) and 5 kilograms or more of cocaine in Court 1, the probation office assigned a base offense level of 38 and an adjusted offense level subtotal of 46, inclusive of a 4 point increase adjustment pursuant to 3B1.1(a) for Mr. Deese's role in the offense as a purported organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. (DE # 155 at 15). Three points were deducted for Mr. Deese's acceptance of responsibility for a total offense level of 43. (DE # 155 at 15).

Mr. Deese made five objections to the PSR:

1.) Mr. Deese denied that his brother carried a firearm to protect him, (DE # 155 at 19); however, at sentencing, the district

court found the evidence to be credible and overruled this objection, stating that it did not impact the guideline range. (DE # 192, Tr. at 6).

2.) Mr. Deese denied that he had at least three sources of marijuana supply (DE # 155 at 19). This objection was withdrawn at sentencing. (DE # 192, Tr. at 6, ln. 14-17).

3.) Mr. Deese objected to the inclusion of any drug quantities that pre-dated the commencement of the conspiracy, and 4.) Mr. Deese claimed that the drug quantities attributed to him in the PSR were not supported by credible evidence. (DE # 155 at 19-20). In the PSR, the probation office calculated the drug quantity attributable to Mr. Deese at 10 kilograms of cocaine, 17.6 kilograms of crack cocaine, and 535.25 kilograms of marijuana. (DE # 155 at 15). Prior to sentencing, the government and Mr. Deese (through counsel and assented to by Mr. Deese on the record at sentencing) agreed to a reduction in quantity to 5 kilograms of crack cocaine, 18 kilograms of powder cocaine, and, as written in the PSR, 535 kilograms of marijuana, which resulted in a base offense level of 36, a 2 point decrease from the PSR. (DE # 192, Tr. at 11, ln. 6-9).

5.) Mr. Deese maintained that the evidence did not support that he was the organizer and leader of the organization or that he employed Willie Barton and Danny Earl Scott, two of the co-conspirators. (DE # 155 at 20). The probation office responded

11

that statements from co-conspirators established that Mr. Deese led, organized, and directed an extensive drug-distribution organization in Robeson County, North Carolina over an 11-year period; that the compensation received by other co-conspirators was small in comparison to the estimated $1 million in drug proceeds netted by Mr. Deese during the conspiracy; and that Mr. Deese recruited and compensated the participation of at least five individuals. (DE # 155 at 20). At sentencing, this objection was withdrawn by Mr. Deese through counsel. (DE # 192, Tr. at 11, ln. 10-12). Following this, Mr. Deese confirmed with the district court that there were no other objections. (DE # 192, Tr. at 11, ln. 13-17).

**D.  MR. DEESE IS SENTENCED TO A TERM OF 252 MONTHS IN PRISON, BELOW THE ADVISORY GUIDELINE RANGE OF 360 TO LIFE.**

The district court calculated Mr. Deese's guidelines range to be 360 months to life on Count I, 240 months on Count III, and as to Count II, five years consecutive to the term imposed for Counts I and III. (DE # 192, Tr. at 12). The district court granted the government's oral motion to depart downward from the guideline range. (DE # 192, Tr. at 14, ln. 19-20). The district court stated that Mr. Deese was a leader in the conspiracy (DE # 192, Tr. at 29, ln. 1-2) and that in sentencing Mr. Deese, the court had taken into account Mr. Deese's role "at the top of this organization." (DE # 192, Tr. at 30, ln. 4-6).

The district court sentenced Mr. Deese to a term of 192 months for Counts 1 and 3, and 60 months for Count 2, for a total term of incarceration of 252 months, a five year term of supervised release, restitution in the amount of $19,780.00, and a special assessment of $300.00 (DE # 192, Tr. at 30-32).  The court's sentence was a downward variance from the advisory guideline range of 360 months to life. (DE # 192, Tr. at 12, ln. 4-6. In keeping with the Memorandum of Plea Agreement, the court dismissed the original indictment. (DE # 192, Tr. at 32).  Mr. Deese filed a timely notice of appeal on January 18, 2014.  (DE # 172)

## SUMMARY OF ARGUMENT

Counsel has reviewed the record and has found nothing to suggest the district court committed plain error when accepting Mr. Deese's guilty plea pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The record of Mr. Deese's guilty plea reflects that the district court's Rule 11 colloquy comported with the requirements of the Rule and that Mr. Deese understood the rights that he was giving up in pleading guilty. The record also supports a finding that Mr. Deese knowingly and voluntarily waived his right to appeal under paragraph 2(c) of the Memorandum of Plea Agreement. Accordingly, this brief is submitted pursuant to *Anders v. California*, 386 U.S. 738 (1967). However, counsel invites the Court to review the record and stands ready to brief and argue any issue which the Court identifies as a non-frivolous issue to be presented in this appeal. If no such issue is identified by the Court, undersigned counsel respectfully prays that this Honorable Court allow the Appellant's counsel to withdraw.

<u>**ARGUMENT**</u>

**A.    <u>STANDARD OF REVIEW</u>**

The standard of review for an appellant brief submitted pursuant to *Anders* is a *de novo* review of the entire record and all pertinent documents to determine whether the case is wholly frivolous. *Anders v. California*, 386 U.S. 738 (1967). A court of appeals will review a sentence imposed in federal court to determine whether it is within the statutorily prescribed range and whether it is reasonable. *United States v. Booker*, 543 U.S. 220 (2005); *United States v. Hughes*, 401 F.3d 540 (4th Cir. 2005). Absent appropriate objections to errors committed during a Rule 11 hearing, any review is conducted under a plain error standard. *United States v. General*, 278 F.3d 389, 394-95 (4th Cir. 2002); *United States v. Martinez*, 277 F.3d 517, 530-34 (4th Cir. 2002).

**I.    THE DISTRICT COURT DID NOT COMMIT PLAIN ERROR WHEN ACCEPTING MR. DEESE'S GUILTY PLEA PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.**

Once the trial court conducts a Rule 11 colloquy and finds the plea to be knowingly and voluntarily entered, absent compelling reasons to the contrary, the validity of the plea and defendant's corresponding guilt are deemed to be conclusively established. *United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1992). The precise manner in which Rule 11 proceedings are conducted is within the broad discretion of the district court. *United States v. Good*, 25 F.3d 218, 222 (4th Cir. 1994).

15

The district court followed the outline contained in Rule 11(b)(1) -(3) of the Federal Rules of Criminal Procedure. The text of the rule and the citation to the record confirming the district court's plea colloquy are as follows:

Rule 11(b)(1) Advising and Questioning the Defendant. Before the court accepts a plea of guilty or nolo contender, the defendant may be placed under oath and the court must address the defendant personally in open court. (DE # 191 at 17). During this address, the court must inform the defendant of, and determine that the defendant understands, the following:

(A)  the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath. (not addressed, but not applicable as this was not a prosecution for perjury or false statement).

(B)  the right to plea not guilty, or having already so pleaded, to persist in that plea. (DE # 191 at 27).

(C)  right to a jury trial. (DE # 191 at 27-28).

(D)  the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceeding. (DE # 191 at 7).

(E)  the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. (DE # 191 at 6).

(F)  the defendant's waiver of these trial rights if the court accepts a plea of guilty. (DE # 191 at 28).

(G)  the nature of each charge to which the defendant is pleading. (DE # 191 at 19-21).

(H)  any maximum possible penalty, including imprisonment, fine and term of supervised release. (DE # 191 at 21-22).

(I)  any mandatory minimum penalty. (DE # 191 at 21-22).

(J)  any applicable forfeiture. (DE # 191 at 22).

(K)  the court's authority to order restitution. (DE # 191 at 21-22).

(L)  the court's obligation to impose a special assessment. (DE # 191 at 21-22).

(M)  in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. 3553(a) (DE # 191 at 23).

(N)  the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence. (DE # 191 at 22).

(O)  that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future. (DE # 191 at 9).

17

(2)  Ensuring that a plea is voluntary. Before accepting a plea of guilty or nolo contender, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in the plea agreement). (DE # 191 at 25-26 & 35).

(3)  Determining the Factual Basis for a Plea. Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea. (DE # 191 at 31-35).

The record of Mr. Deese's guilty plea reflects that the district court's Rule 11 colloquy comported with the requirements of the Rule and that Mr. Deese understood the rights that he was giving up in pleading guilty.

## II.  THE RECORD SUPPORTS A FINDING THAT MR. DEESE KNOWINGLY AND VOLUNTARILY WAIVED HIS RIGHT TO APPEAL UNDER PARAGRAPH 2(C) OF THE MEMORANDUM OF PLEA AGREEMENT.

With narrow exceptions, if a defendant makes a knowing and voluntary waiver of his appellate rights, it is valid and enforceable. *United States v. Blick*, 408 F.3d 162, 168-72 (4th Cir. 2005); *United States v. General*, 278 F.3d 389, 399-401 (4th Cir. 2002). If a defendant appeals his conviction and sentence despite a knowing, voluntary and intelligent waiver of that right, the Court is required to dismiss the appeal. *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992).

In Mr. Deese's plea agreement, he waived his right to appeal a within-guideline sentence.  (DE # 96 at 1-2).  This Court

strictly enforces such waivers of appellate rights. *E.g.*, *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992); *United States v. Blick*, 408 F.3d 162, 170 (4th Cir. 2005). The district court found that Mr. Deese did enter into the plea agreement and knowingly and voluntarily pled guilty pursuant to it. (DE # 191 at 25). At the arraignment, the court explicitly reviewed the provision in the plea agreement that waived Mr. Deese's right to appeal a within-guideline sentence. (DE # 191 at 25). Mr. Deese subsequently received a sentence below the advisory range. (DE # 192 at 31). For these reasons, undersigned counsel believes that the waiver in this case applies to Mr. Deese's sentence. As a consequence, counsel believes himself constrained to submit this brief pursuant to the provisions of *Anders v. California*, 386 U.S. 738 (1967). However, if the Court reaches the merits of Mr. Deese's claim for relief, Mr. Deese raises the following issue for the Court's review.

**III. IN THE EVENT DEFENDANT-APPELLANT OVERCOMES THE PLEA WAIVER, THIS COURT MAY CONSIDER WHETHER THE DISTRICT COURT ERRED BY ENHANCING MR. DEESE'S SENTENCE PURSUANT TO U.S.S.G. 3B1.1(A) BECAUSE THE COURT DID NOT ARTICULATE THE SPECIFIC EVIDENCE UPON WHICH IT RELIED TO SHOW THAT MR. DEESE WAS AN ORGANIZER OR LEADER OF A CRIMINAL ACTIVITY THAT INVOLVED FIVE OR MORE PARTICIPANTS OR WAS OTHERWISE EXTENSIVE.**

United States Sentencing Guideline 3B1.1(a) provides for a 4-level increase where the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. Comment Four to U.S.S.G. 3B1.1 lists seven

factors to consider in making the determination to whether the enhancement applies: 1) the exercise of decision making authority, 2) the nature of participation in the commission of the offense, 3) the recruitment of accomplices, 4) the claimed right to a larger share of the fruits of the crime, 5) the degree of participation in planning or organizing the offense, 6) the nature and scope of the illegal activity, and 7) the degree of control and authority exercised over others. A district court's determination that a defendant held a leadership role in criminal activity is "essentially factual" and, therefore, is reviewed on appeal for clear error. *United States v. Steffen*, 741 F.3d 411, 414 (4th Cir. 2013). At sentencing, the burden is on the government to prove by a preponderance of the evidence that the sentencing enhancement should be applied. *See United States v. Steffen*, 741 F.3d 411, 414 (4th Cir. 2013).

Defendant-Appellant acknowledges the probation office's response to his objection that the evidence did not support that he was the organizer and leader of the organization or that he employed Willie Barton and Danny Earl Scott, two of the co-conspirators. However, in light of Mr. Deese's objection to the PSR (which, it is acknowledged, was later withdrawn), this Court, if it gets beyond the Defendant-Appellant's plea waiver, may consider whether the district court erred in applying the 4-level leadership role adjustment under 3B1.1(a) (at all, or instead, for

instance, a lower-level adjustment under 3B1.1(b) or (c)), to the extent the government failed to show and the district court failed to articulate at sentencing the specific facts (other than the conclusory statements that Defendant-Appellant was a "leader" in the conspiracy and at the "top of the organization), upon which it concluded that that there was adequate evidence to increase Mr. Deese's sentence due to an aggravating role in the offense. Without the 4-level leadership role adjustment, Mr. Deese's Total Offense Level would be 37 resulting in a guideline range of 262-327 for Count I, which is below the 360-life guideline range calculated by the district court at sentencing (but above the 190-month sentence ultimately received on that Count) before departing/varying downwards. For these reasons, Mr. Deese respectfully requests that his sentence be vacated, and that the matter be remanded for resentencing without the application of 3B1.1(a).

## CONCLUSION

This brief is submitted pursuant to *Anders v. California*, 386 U.S. 738 (1967). Counsel has reviewed the record and has determined that there is no non-frivolous issue to be presented in this appeal. However, counsel invites the Court to review the record and stands ready to brief and argue any issue which the Court identifies as a non-frivolous issue to be presented in this appeal. If no such issue is identified by the Court, undersigned counsel respectfully prays that this Honorable Court allow the Appellant's counsel to withdraw.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not requested by the undersigned unless the Court believes that such argument would aid the decisional process.

Respectfully submitted this 21st day of October, 2014.

/s/ Jason R. Harris
N.C. State Bar No.: 27876

WELCH AND HARRIS, LLP
636 Court Street (28540)
P.O. Box 1398
Jacksonville, NC 28541
Telephone:  (910) 347-0161
Facsimile:  (910) 347-0164
E-mail: jrharris@welchharris.com

***Counsel for Appellant***

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

**<u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>**

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.  This brief complies with the type-volume limitation of Fed.
    R. App. P. 32(a)(7)(B) because:

    this brief contains <u>4,492</u> words, excluding the parts
    of the brief exempted by Fed. R. App. P.
    32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed.
    R. App. P. 32(a)(5) and the type style requirements of Fed.
    R. App. P. 32(a)(6) because:

    this brief has been prepared in a mono-spaced typeface
    using <u>Microsoft Word</u> in <u>12 point Courier New</u>.

                    <u>/s/  Jason R. Harris</u>
                    Jason R. Harris

                    *Counsel for Appellant*


Dated:  October 21, 2014

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on October 21, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Jennifer P. May-Parker
> OFFICE OF THE U.S. ATTORNEY
> Federal Building
> 310 New Bern Avenue, Suite 800
> Raleigh, NC  27601
> (919) 856-4530
>
> *Counsel for Appellee*

The undersigned hereby certifies that a copy of the **BRIEF FOR APPELLANT** was mailed to the following non CM/ECF participants:

> Kevin Ray Deese, Inmate No.:  57274-056, Appellant
> c/o FCI Butner Medium II
> Federal Correctional Institution
> P.O. Box 1500
> Butner, NC 27509

Defendant/Appellant was informed of the right to file an *Anders pro se* brief raising additional issues.

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

> /s/  Ethan N. Greenberg
> Ethan N. Greenberg
> GIBSON MOORE APPELLATE SERVICES
> 421 East Franklin Street
> Suite 230
> Richmond, VA  23219